UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JS II, et al., | Case No. 08-C-03582 |
| Debtors/Appellants, | Hon. James B. Moran, District Judge |
| v. | Appeal from Bankr. Case No. 07-03856 |
| Thomas A. Snitzer and Snitzer Family LLC, | (Jointly Administered) |
| | Chapter 11 |
| Plaintiffs/Appellees. | Hearing Date: July 22, 2008 |
| | Hearing Time: 9:00 a.m. |

**APPELLANTS' PRELIMINARY RESPONSE TO APPELLEES' MOTION TO DISMISS APPEAL FOR A PURPORTED LACK OF JURISDICTION**

J.S. II, L.L.C. ("JSII"), River Village West, L.L.C. ("RV West"), and River Village I, L.L.C. ("RVI," and together with JS II and RV West, the "Appellants"), respond on a preliminary basis to appellees' motion to dismiss this pending appeal for a purported lack of jurisdiction as follows:

1. Appellants, Illinois limited liability companies, are chapter 11 debtors in possession in three jointly-administered cases pending before the Honorable Jacqueline P. Cox, Bankruptcy Judge. In the court below, Judge Cox denied Appellants' motion to dismiss an adversary proceeding brought by appellees against two of Appellants' members. Although Appellants were not parties to the underlying adversary proceeding, they have a direct and concrete interest at stake and were allowed by the bankruptcy court to seek the dismissal of the adversary proceeding pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) based on various theories. The principal ground for Appellants' motion was appellees' violation of the automatic stay for the improper use of Appellants' property (the derivative claims) for appellees' personal benefit.

{5618 RESP A0211710.DOC}

2. Appellants disagree with appellees' characterization of the issues on appeal. Contrary to appellees' description of the matter as an appeal from an interlocutory order denying a motion to dismiss the underlying adversary proceeding pursuant to FED. R. CIV. P. 12(b)(6), the issues on appeal are the following:

> A. Did the bankruptcy court err in determining that the Appellees did not violate the automatic stay by asserting prepetition derivative claims of the Appellants' chapter 11 estates for Appellees' personal benefit?
>
> B. Did the bankruptcy court err in determining that the prepetition derivative claims asserted by Appellees are not property of the Appellants' chapter 11 estates?
>
> C. Did the bankruptcy court err in determining that the doctrine of *res judicata* or claim preclusion did not bar a certain claim asserted by Appellees?

*See Appellants' Designation of Record on Appeal from an Order Entered and Docketed on May 27, 2008 as Docket No. 676 and Statement of Issues on Appeal* (Exhibit A) at 3.

3. The bankruptcy court's order may not be final as to the named adversary proceeding defendants, Messrs. Kinsella and Diamond, but it is final as to the Appellants, which are seeking to enforce the automatic stay with respect to property of their estates. *See In re Res. Tech. Corp.*, 528 F.3d 467, 474 (7th Cir. 2008) (the final resolution of a discrete issue in a bankruptcy case gives rise to an appealable final order despite the continuing pendency of other issues relating to the underlying litigation). An order that determines that a particular claim or other property is not "property of the estate" within the meaning of 11 U.S.C. § 541(a), such as the order on appeal here, is indeed a final order for the purpose of 28 U.S.C. § 158(a). *In re Rodriguez*, 334 B.R. 754, 757 (1st Cir. Bankr. 2005). Clearly, orders that implicate the automatic stay, which is in essence an injunction, are appealable as a matter of right. *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1298–99 (7th Cir. 1997). *See also In re Chunn*, 106 F.3d 1239, 1241 (5th Cir. 1997) (collecting cases).

4. In essence, Appellants contend that appellees have no right to use derivative prepetition claims that are property of the Appellants' bankruptcy estates to assert personal equitable subordination claims against Messrs. Kinsella and Diamond. The bankruptcy court's application of *In re Vitreous Steel Products Co.*, 911 F.2d 1223 (7th Cir. (1990), which allowed an unsecured creditor to assert an equitable subordination claim against a secured creditor based on a personal claim of the unsecured creditor, is erroneous given the particular facts of this case. *In re Morpheus Lights, Inc.*, 228 B.R. 449, 452–54 (Bankr. N.D. Cal. 1998) (distinguishing *Vitreous Steel*). *See generally Maloof v. BT Commercial Corp.*, 261 Fed. Appx. 887, 889 (6th Cir. 2008) (shareholder of a corporate debtor had no standing to assert derivative claims). The bankruptcy court's ruling, if not reversed, will result in the Appellees' unauthorized use of property of Appellants' estates for their personal benefit in violation of 11 U.S.C. § 362(a)(3).

5. In any event, as is so often the case in bankruptcy appeals, a determination of this Court's appellate jurisdiction will require consideration of many of the same facts that the Court will also consider to reach the merits. Submitting separate briefs on the jurisdictional issue and the merits of the appeal will cause unnecessary duplication of effort and an inefficient use of judicial resources. Accordingly, Appellants respectfully request that (i) the Court not vacate the briefing schedule previously fixed, and (ii) decide the issue of its jurisdiction to hear the appeal under either 28 U.S.C. § 158(a)(1) (as a final order) or (3) (as an interlocutory order) together with the merits of the appeal.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | J.S. II, L.L.C.; River Village I, L.L.C.; and River Village West, L.L.C. |
| Dated:  July 18, 2008 | By:  ___/s/ Steven B. Towbin___<br>One of their attorneys |

Steven B. Towbin (#2848546)
Janice A. Alwin (#6277043)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 276-1333  telephone
(312) 275-0569  facsimile
stowbin@shawgussis.com
jalwin@shawgussis.com

{5618 RESP A0211710.DOC}    4

# EXHIBIT A

E-FILED ON 6-16-08
DKT. # 695

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| J.S. II, L.L.C., *et al.*, | ) | Case No. 07-03856 |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Jacqueline P. Cox |

## APPELLANTS' DESIGNATION OF RECORD ON APPEAL FROM AN ORDER ENTERED AND DOCKETED ON MAY 27, 2008 AS DOCKET NO. 676 AND STATEMENT OF ISSUES ON APPEAL

Pursuant to Fed. R. Bankr. P. 8006, J.S. II, L.L.C., River Village I, L.L.C., and River Village West, L.L.C. ("Appellants") designate the following items to be included in the record on appeal from an order entered and docketed on May 27, 2008 as Docket No. 676. Appellants reserve the right to supplement and amend its designation of the record on appeal as may be necessary for the purposes of their appeal.

A.   APPELLANTS' DESIGNATION OF DOCUMENTS

| Record No. | Docket No. | Docket Text | Filing Date |
|---|---|---|---|
| 1 | 188 | Appellees' Proof of Interest | 05/31/2007 |
| 2 | 311 | Appellants' Objection to Proof of Interest | 11/01/2007 |
| 3 | 313 | Notice of Motion and Motion to Approve Assumption and Assignment of Certain Leases and Approve the Sale Terms and Procedures Therefor, in addition to Notice of Motion and Motion to Sell Property free and clear of Lien - Certain Real Estate Outside the Ordinary Course of Business (3333 S. Iron St. and 1500 W. 33rd St., Chicago, IL) | 11/01/2007 |

{5618 STA A0209299.DOC}

| Record No. | Docket No. | Docket Text | Filing Date |
|---|---|---|---|
| 4 | 319 | Notice of Filing and Appellees' Sale Objection | 11/05/2007 |
| 5 | 323 | Response to Appellees' Sale Objection | 11/07/2007 |
| 6 | 400 | Order Granting Motion to Sell Property | 12/10/2007 |
| 7 | 406 | Appellees' Answer and Third Party Complaint | 12/14/2007 |
| 8 | 509 | Appellants' Notice of Motion and Motion to Dismiss Third Party Complaint | 02/08/2008 |
| 9 | 510 | Kinsella's and Diamond's Notice of Motion and Motion to Dismiss Case pursuant to Rules 12 and 14 of Federal Rules of Civil Procedure | 02/08/2008 |
| 10 | 546 | Appellees' Response to Motion to Dismiss | 03/03/2008 |
| 11 | 547 | Response to Motion to Dismiss | 03/03/2008 |
| 12 | 586 | Appellants' Reply | 03/21/2008 |
| 13 | 676 | Memorandum Opinion | 05/27/2008 |
| 14 | 683 | Notice of Appeal to District Court | 06/05/2008 |

B.   **APPELLANTS' DESIGNATION OF TRANSCRIPTS**

   No transcripts are required for this appeal.

C.  APPELLANTS' STATEMENT OF THE ISSUES ON APPEAL

1. Did the bankruptcy court err in determining that the Appellees did not violate the automatic stay by asserting prepetition derivative claims of the Appellants' chapter 11 estates for Appellees' personal benefit?

2. Did the bankruptcy court err in determining that the prepetition derivative claims asserted by Appellees are not property of the Appellants' chapter 11 estates?

3. Did the bankruptcy court err in determining that the doctrine of *res judicata* or claim preclusion did not bar a certain claim asserted by Appellees?

Respectfully submitted,

J.S. II, L.L.C.; River Village I, L.L.C.; and River Village West, L.L.C.

Dated: June 16, 2008

By:  /s/ Steven B. Towbin
     One of their attorneys

Steven B. Towbin (#2848546)
Janice A. Alwin (#6277043)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60610
P: (312) 276-1333
F: (312) 275-0569