IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*H H N*

| | |
|---|---|
| In re: | ) |
| | ) |
| J.S. II, L.L.C., et al., | ) |
|         Debtors, | ) |
| -------------------------------------------------- | ) |
| | ) |
| J.S. II, L.L.C.; RIVER VILLAGE I, | ) |
| L.L.C.; and RIVER VILLAGE WEST | ) |
| L.L.C., | ) |
|         Appellants, | ) |
|     vs. | )    No. 08 C 3582 |
| | )    (Bkrptcy No. 07-3856) |
| THOMAS A. SNITZER and SNITZER | ) |
| FAMILY L.L.C., | ) |
|         Appellees. | ) |

## MEMORANDUM OPINION AND ORDER

Debtors-Appellants J.S. II, LLC, River Village I, LLC, and River Village West, LLC, (collectively "JS II" or "appellants") appeal the denial of their motion to dismiss by the Bankruptcy Court for the Northern District of Illinois. Defendants-Appellees Thomas A. Snitzer and Snitzer Family, LLC, (collectively "Snitzer" or "appellees") move to dismiss the appeal for lack of jurisdiction. We ordered that briefing on the motion to dismiss and the merits of the appeal be consolidated. For the reasons stated below, we dismiss the appeal.

## BACKGROUND

Appellants are a group of Illinois limited liability companies established to develop parcels of land in Chicago. Appellees own a 50% interest in each of the LLCs that make up the appellants.[1] John Kinsella, Sid Diamond, Kinsella Investments L.P., and Diamond Family,

---

[1] Appellants dispute that Snitzer Family, LLC has any membership interest in appellant J.S. II, LLC, but that dispute is not relevant to this appeal.

L.L.C., (collectively "Kinsella and Diamond") own the remaining 50% interest in appellants. Snitzer acted as appellants' manager and agent until June 2005, when a lawsuit in the Circuit Court of Cook County resulted in his removal and the appointment of Kinsella and Diamond as managers of the development project. Snitzer, however, retained his membership interests in appellants.

In March 2007, appellants filed for relief under Chapter 11 of the Bankruptcy Code. As part of the reorganization proceedings Snitzer filed a claim against the reorganization estate. Appellants, as debtors-in-possession, objected to Snitzer's claim and filed a counterclaim against Snitzer related to the period when he was appellants' manager and agent. The counterclaim alleges breach of fiduciary duty and breach of contract, and seeks equitable subordination of any Snitzer interest in appellants. Snitzer answered the counterclaims and filed a third-party complaint against Kinsella and Diamond seeking equitable subordination of any interest they had in appellants.

Although the appellants were not parties to the third-party complaint, they moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).[2] As relevant to this appeal, the motion argued that Snitzer lacked standing to bring a claim for equitable subordination under 11 U.S.C. § 510(c) because his underlying allegations of commingling, undercapitalization, and mismanagement were derivative claims of the estate that could be brought solely by the debtors-in-possession as representatives of the estate. Kinsella and Diamond joined the motion to dismiss under Rule 12(b)(6), and also moved to dismiss the third-party complaint on a number of additional grounds. As relevant here, they argued that because Snitzer did not allege the appellants were liable to him for all or part of the claim

---

[2] Federal Rule of Bankruptcy Procedure 7012 applies Federal Rule of Civil Procedure 12(b)(6) to bankruptcy proceedings.

against Kinsella and Diamond, it was improper under Rule 14(a) for Snitzer to combine the controversies into one action.[3]

The bankruptcy court denied the joint 12(b)(6) motions (appellants' app. at 11-14). The court, citing In re Vitreous Steel Prods. Co., 911 F.2d 1223, 1231 (7th Cir. 1990), determined that Snitzer had standing to bring an equitable subordination claim under § 510, and that the third-party complaint properly alleged the requirements for equitable subordination: Kinsella and Diamond engaged in inequitable conduct that resulted in injury to the other creditors, and, if the allegations were ultimately proven, subordination of Kinsella and Diamond's claims would be consistent with the Bankruptcy Code's general good faith requirements (id. at 13-14). However the bankruptcy court granted Kinsella and Diamond's motion to dismiss under Rule 14(a). The court held that Fed. R. Bankr. P. 7001(8) requires that claims for equitable subordination be pursued through an adversary proceeding (id. at 25). The court granted the dismissal without prejudice and allowed Snitzer 30 days in which to bring the equitable subordination claim as a separate adversary proceeding (id. at 25-26). By separate order on the same day, the bankruptcy court struck appellants' counterclaim, and ordered them to refile it as an adversary proceeding if they still wished to proceed (Bkrptcy Ct. Dkt. 679).

Both Snitzer and appellants refiled their equitable subordination actions as adversary proceedings within the allotted time. (See Bankruptcy Adversary Nos. 08 A 502 and 08 A 447, respectively.) Those cases proceed in the bankruptcy court. At the same time, appellants, who were not a party to the Rule 14 motion, filed their notice of appeal from the denial of their motion to dismiss under Rule 12(b)(6).

---

[3] Federal Rule of Bankruptcy Procedure 7014 applies Federal Rule of Civil Procedure 14 to bankruptcy proceedings.

## ANALYSIS

Before we reach the merits of the parties arguments, we must assure ourselves that we have jurisdiction over this appeal. District courts will normally hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158(a)(1). Interlocutory orders may be heard with leave of the court, or certain orders entered under 11 U.S.C. § 1121(d). 28 U.S.C. § 158(a)(2), (3). Snitzer contends that we do not have jurisdiction because the denial of a Rule 12(b)(6) motion is not final. Appellants argue that the order is final as to them because they are not named as parties in Snitzer's current adversary proceeding and so the order effectively concludes their action with respect to the third-party complaint.

The bankruptcy court's order dismissing the third-party complaint is not final because it does not end the litigation. See In re Vlasek, 325 F.3d 955, 960 (7th Cir. 2003) (recognizing that "denials of motion to dismiss are generally not final orders, even in the bankruptcy context") (internal citations omitted). Snitzer's action for equitable subordination, although dismissed on other grounds, proceeds in the bankruptcy court as an adversary proceeding. Moreover, appellants' action for equitable subordination, breach of fiduciary duty, and breach of contract also proceeds as an adversary proceeding in the bankruptcy court. Until those claims are resolved, the main bankruptcy proceeding cannot be finalized and the estate assets cannot be distributed. The appellants are correct that in bankruptcy proceedings the reviewing courts look at the finality of an order with a "relaxed eye" and interpret the finality requirement more liberally under § 158 than under 28 U.S.C. § 1291. In re Forty-Eight Insulations, Inc., 115 F.3d 1294, 1299 (7th Cir. 1997); see also In re Ross-Tousey, 549 F.3d 1148, 1152 (7th Cir. 2008); Zedan v. Habesh, 529 F.3d 398, 402 (7th Cir. 2008); In re Rimsat, Ltd., 212 F.3d 1039, 1044 (7th Cir. 2000). But this flexibility is not unlimited and appellants stretch it too far.

The Seventh Circuit has recognized three general categories of exceptions to the finality requirement. First, an order of the bankruptcy court can be considered final if it "resolved all of the contested issues on the merits and left only the distribution of the estate assets to be completed." In re Ross-Tousey, 549 F.3d at 1153; *see also* In re Wade, 991 F.2d 402, 408 (7th Cir. 1993); In re Official Comm. of Unsecured Creditors, 943 F.2d 752, 755 (7th Cir. 1991). This exception cannot aid the appellants. They inform the court that almost all of the estate's remaining assets are in the process of being liquidated, but they make no representation that the only matter left is the distribution of the estate assets. Indeed, that is not the case because the appellants' own adversary proceeding is still pending in the bankruptcy court, and that proceeding is more complicated than the ministerial acts contemplated in this first category. *See* In re Ross-Tousey, 549 F.3d at 1153.

The next category of orders considered final are "those orders that ultimately determine a creditor's position in the bankruptcy proceeding, even though the administration of the debtor's estate continues." In re Forty-Eight Insulations, 115 F.3d at 1299. Again, appellants may not avail themselves of this exception. The order of the bankruptcy court at issue in this appeal did not determine the position of any creditors in the bankruptcy proceeding. Instead, it paved the way for such a determination by allowing Snitzer to file an adversary proceeding seeking equitable subordination. Until the two adversary proceedings are resolved, the position of the equity holders will not be finally determined.

The third category of final orders are those that "resolve[] a discrete dispute that, but for the continuing bankruptcy, would have been a stand-alone suit by or against the trustee." Zedan, 529 F.3d at 402; *see also* Bank of America, N.A. v. Moglia, 330 F.3d 942, 944 (7th Cir. 2003); In re Szekely, 936 F.2d 897, 899-900 (7th Cir. 1991). These "discrete disputes" usually arise in the context of adversary proceedings. *See* Zedan, 529 F.3d at 402-03 (collecting cases).

The rationale is that the uncertainty about how much the creditor will actually receive when the estate's assets are finally distributed is akin to the uncertainty about the collectibility of any judgment. *See id.* Neither circumstance affects the finality of the judgment.

Appellants, recognizing that the order in this case did not arise from a stand-alone suit, attempt to broaden the meaning of "discrete dispute" to include "discrete issue." The cases they cite for support do not lend themselves to such a proposition. In <u>Zedan</u>, the court held that an order dismissing an adversary proceeding objecting to a debtor's discharge was appealable because "[o]nce the bankruptcy court entered the order of dismissal, the court was left with nothing further to do with respect to the adversary complaint." 529 F.3d at 403. In <u>In re Resource Technology, Corp.</u> the court treated as final an order of the bankruptcy court denying a creditor's motion to compel the trustee to assume one of the debtor's contracts and assign it to the creditor. 528 F.3d 467, 474 (7th Cir. 2008). Even though there were unresolved issues regarding other agreements that the creditor wished the trustee to assume and assign, the court found the order was final because it definitely resolved the dispute as to the one contract in question. *Id.* The issues regarding that contract were distinct and severable from the proceedings relating to the other contracts. *Id.* In both cases, the court was persuaded on the issue of finality because there was nothing left for the bankruptcy court to do related to the underlying dispute. In this case on the other hand, the bankruptcy court must still determine the priority of the equity holders.

The Seventh Circuit acknowledged that there is a difference between a "discrete dispute" and a "discrete issue" in <u>In re Comdisco, Inc.</u>, 538 F.3d 647 (7th Cir. 2008). In that case the court found "that a decision or order that resolves only an issue that arises during the administration of a bankruptcy estate is too small a litigation unit to justify treatment as a final judgment." *Id.* at 651. The court reaffirmed the general rule that "[a] disposition of a

claim that would be final as a stand-alone suit outside of bankruptcy is also final under

§ 158(d) in bankruptcy" because "[s]uch a claim is far enough along to be intelligently

resolved, without duplicative appellate review of the same creditor's situation." *Id.* (citing In

re Morse Electric Co., 805 F.2d 262, 265 (7th Cir. 1986). Despite appellants' attempts to

characterize it differently, the dispute in Snitzer's third-party complaint was whether Kinsella

and Diamond's equity interest should be equitably subordinated to Snitzer's equity interest.

That dispute is ongoing in the two adversary proceedings now pending in the bankruptcy

court. The issues that appellants raise on appeal--who owns the claims that Snitzer raised in

the third-party complaint and whether Snitzer violated the automatic stay by filing the third-

party complaint--may indeed be discrete issues, but they are only issues in the context of the

larger dispute. Because appellants raise issues and not separable disputes, they do not have

an appeal as of right under § 158(a)(1).[4]

Section 158 also provides district courts with discretion to hear appeals "from other

interlocutory orders and decrees." 11 U.S.C. § 158(a)(3). The Bankruptcy Code does not

outline specific factors for courts to consider when determining whether to grant a

discretionary interlocutory appeal. As a result, district courts analyze interlocutory appeals

under the standards set forth in 28 U.S.C. § 1292(b). Trustee of Jartan, Inc. v. Winston &

Strawn, 208 B.R. 898, 900 (N.D. Ill. 1997). Section 1292(b) provides for interlocutory appeal

when the appeal (1) involves a controlling question of law; (2) over which there is a substantial

---

[4] Appellants also argue that orders that implicate the automatic stay are appealable as a matter of
right. Appellants' characterization is again too broad. Courts uniformly recognize that orders lifting the
automatic stay are considered final and appealable. *See, e.g.,* In re Boomgarden, 780 F.2d 657, 659-660 (7th
Cir. 1985). The same cannot be said for every order that relates to the automatic stay. In any event, the
bankruptcy court's order here did not implicate the automatic stay. *See* In re North Coast Village, Ltd., 135
B.R. 641, 643-44 (B.A.P. 9th Cir. 1992) (holding that automatic stay did not prevent adversary proceedings
against debtor in bankruptcy court in which debtor's bankruptcy was pending; *see also* In re American
Sports Innovations (ASI), 105 B.R. 614, 617 (Bankr. W.D. Wash. 1989); In re American Spinning Mills, Inc.,
43 B.R. 365, 367 (Bankr. E.D. Pa. 1984).

ground for difference of opinion; and (3) an immediate appeal from the order may speed up the litigation. *See* 28 U.S.C. § 1292(b); Jartan, 208 B.R. at 900. The party seeking leave to appeal must demonstrate that all three factors are met. In re Woltman, 2006 WL 2052078, at *1 (C.D. Ill. May 24, 2006) (citing Hollinger Int'l, Inc. v. Hollinger Inc., 2005 WL 327058, at *2 (N.D. Ill. Feb. 3, 2005)). The party asking to appeal also bears the burden of convincing the court that the case involves "exceptional circumstances [that] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." In re Woltman, 2006 WL 2052078, at *1 (quoting In re Brand Name Prescription Drugs Antitrust Litig., 1998 WL 808992, at *3 (N.D. Ill. Nov. 17, 1998)).

Appellants encourage us to use our discretion in this instance and accept the appeal. However, they offer us no explanation as to why we should do so, except for the conclusory assertion that the appeal presents a question of law that "may materially advance the ultimate termination of the underlying litigation" (Appellants' Br. at 8). Undertaking the examination on our own, we find that this case is not a candidate for interlocutory appeal. Appellants frame their question as one of law, but in reality it is not. Appellants do not question whether In re Vitreous Steel Prods., Co., 911 F.2d 1223 (7th Cir. 1990), is still valid law. Instead, they take issue with the bankruptcy court's application of Vitreous Steel to the facts of this case. Therefore, the issues raised in this appeal are not "pure questions of law," as required for an interlocutory appeal. *See* Ahrenholz v. Bd. of Trs. of the Univ. of Ill., 219 F.3d 674, 676-77 (7th Cir. 2000).

Finally, we note that appellants have not presented any "exceptional circumstances" that would justify an exercise of jurisdiction over the bankruptcy court's interlocutory order, and we can find none. There are, however, reasons to deny the appeal. For example, currently pending before the bankruptcy judge are Snitzer's and appellants' adversary proceedings

seeking equitable subordination of each other's equity interests. If we were to permit this appeal from the main bankruptcy case to proceed, there would be three competing actions before two different courts. Such a scenario does not serve the interest of judicial economy. *See* **In re Wade**, 991 F.2d at 409 ("One of the goals of bankruptcy litigation is to achieve expedition in the proceedings.") (internal citations omitted). Accordingly, we deny the appellants leave to take an interlocutory appeal.

## CONCLUSION

For the forgoing reasons, we deny appellants leave to appeal and dismiss the appeal for lack of jurisdiction.

James B. Moran

**JAMES B. MORAN**
Senior Judge, U. S. District Court

March 31, 2009.
MAR 3 1 2009